**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARWAN DARWISH SIRE AL BUSTAMI,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-74295<br><br>Agency No. A079-595-756<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 7, 2010
Portland, Oregon

Before: HALL, FERNANDEZ, and McKEOWN, Circuit Judges.

Petitioner Marwan Darwish Sire Al Bustami, a native and citizen of Jordan,

was admitted into the United States on March 1, 1999, as a nonimmigrant visitor.

On November 1, 2001, Mr. Al Bustami and his wife, Alia Al Jassar, filed an

application for asylum, withholding of removal, and protection under the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Convention Against Torture ("CAT"). They alleged that Ms. Al Jassar's family would commit an "honor crime" against the couple for marrying and having premarital sex against the family's wishes. The Department of Homeland Security referred their application to an Immigration Judge ("IJ"). The IJ denied the couple's asylum and CAT claims. He also denied Mr. Al Bustami withholding of removal, but he granted withholding of removal to Ms. Al Jassar. Mr. Al Bustami appealed, and the Board of Immigration Appeals ("BIA") affirmed, adopting the IJ's decision in its entirety. This court has jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition in part, vacate in part, and remand to the BIA.

## I.

The IJ applied an incorrect legal standard to Mr. Al Bustami's evidence of persecution, and he failed to explain adequately why he denied withholding of removal to Mr. Al Bustami while granting relief to Ms. Al Jassar. Under these circumstances, the proper course is to remand to the BIA to reconsider petitioner's claim under the correct standard and to provide a reasoned explanation for its decision. *See Eneh v. Holder*, 601 F.3d 943, 947-49 (9th Cir. 2010); *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006).

The IJ was correct that there is no such thing as "derivative withholding of removal," but this does not mean that Mr. Al Bustami's claims should be assessed

in complete isolation from Ms. Al Jassar's, or that the injuries she has suffered do not impact the reasonableness of Mr. Al Bustami's fear of persecution by her family. We have held that even if derivative asylum is unavailable, harms to family members should be assessed cumulatively, *see Tchoukhrova v. Gonzales*, 404 F.3d 1181, 1190-91 (9th Cir. 2005), *vacated on other grounds by* 549 U.S. 801 (2006), and that physical violence towards close family members can substantiate a petitioner's fear of persecution. *See, e.g.*, *Baballah v. Ashcroft*, 367 F.3d 1067, 1074-75 (9th Cir. 2004) ("The treatment of Baballah's brother demonstrated that these threats were not idle."); *Gonzalez v. INS*, 82 F.3d 903, 909 (9th Cir. 1996) ("The violence actually committed against other members of [petitioner's] family, and repetition of threats to her, made her fear of violence well founded."). The IJ does not appear to have applied these principles to Mr. Al Bustami's claims and instead may have "formalistically divided" Mr. Al Bustami's application from his wife's. *Tchoukrova*, 404 F.3d at 1192.

The IJ also failed to explain adequately why certain aspects of Mr. Al Bustami's case were fatal to his withholding claim but not to his wife's.[1] For example, the IJ emphasized that Ms. Al Jassar's family had made no effort to find Mr. Al Bustami in the United States, but he did not explain why the family's failure to pursue the couple did not undermine Ms. Al Jassar's claim. The IJ also noted the lack of evidence that a "borderline middle age nuclear family at this point would be subject to realistic harm being inflicted upon them," but this observation seems equally applicable to Ms. Al Jassar. The IJ must treat similarly situated applicants similarly, and he must provide a reasoned explanation for seemingly inconsistent treatment of closely-related applicants. *Njuguna v. Ashcroft*, 374 F.3d 765, 771 n.4 (9th Cir. 2004); *Wang v. Ashcroft*, 341 F.3d 1015, 1019 n.2 (9th Cir. 2003).

---

[1]The government defends the IJ's decision largely on the grounds that honor killings are directed at women, and not men such as Mr. Al Bustami. The IJ, however, did not rest his decision on theses grounds and assumed, at least for the sake of argument, that Jordanian men who have premarital sex with virgin women could be considered a "particular social group" for purposes of asylum and withholding. We cannot address this issue in the first instance, *see Gonzales v. Thomas*, 547 U.S. 183, 186-87 (2006), and the BIA may remand to the IJ to address it in the first instance, if necessary. We note, however, that the Sixth Circuit has found a "particular social group" in arguably similar circumstances. *See Al-Ghorbani v. Holder*, 585 F.3d 980, 995-96 (6th Cir. 2009).

Lastly, the IJ appears to have misconstrued the chronology of events in a way that may be materially detrimental to Mr. Al Bustami's claims. The IJ stated that Mr. Al Bustami's marriage request and the revelation of the couple's sexual relationship "precipitated the harm" to Ms. Al Jassar. Ms. Al Jassar's beatings and Mr. Al Bustami's arrest, however, both arose as a result of their secret, disapproved meetings and predated the disclosure of their sexual relationship. Once Ms. Al Jassar's brothers learned that she was no longer a virgin, they explicitly threatened to kill (instead of beat) Ms. Al Jassar and threatened to kill Mr. Al Bustami for the first time.

## II.

Although we grant Mr. Al Bustami's petition with respect to his withholding of removal claim, we deny his petition with respect to his CAT claim. The record does not compel a finding that Mr. Al Bustami would more likely than not be tortured by or at the acquiescence of a government official if he were removed to Jordan. *Nuru v. Gonzales*, 404 F.3d 1207, 1216 (9th Cir. 2005); *Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003).

## III.

We **GRANT** in part Mr. Al Bustami's petition for review, **VACATE** in part the decision of the BIA, and **REMAND** for reconsideration of Mr. Al Bustami's claim for withholding of removal.