**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BHUPINDER SINGH BAL, | No. 08-75066 |
| Petitioner, | Agency No. A078-045-685 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2012[**]

Before:     B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Bhupinder Singh Bal, a native and citizen of India, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for protection under the

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C.

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for substantial evidence the agency's factual findings. *Eneh v. Holder*, 601 F.3d 943, 946 (9th Cir. 2010). We grant the petition for review, and we remand.

Bal, a Sikh from the Punjab, fears being tortured if he returns to India because he killed a cow, a sacred religious symbol for Hindus, and because of his activities in support of a Sikh political party. The record indicates that Bal came to the attention of the police only after he killed the cow, and he immediately fled, never returning to his home or village. In analyzing Bal's CAT claim, the BIA mischaracterized the 2006 country report when it discounted evidence of torture as occasional acts of rogue agents committed without government acquiescence. The BIA also failed to take into account Bal's evidence that he is subject to one or more outstanding warrants and charges in India. Accordingly, we remand for the BIA to assess Bal's CAT claim properly in light of his undisputed testimony regarding the authorities' interest in him and the record evidence regarding the prevalence of torture by the authorities. *See id*. at 947-48 (remanding where agency's reasoning appeared to be at odds with aspects of case); *Kamalthas v. INS*, 251 F.3d 1279, 1282-84 (9th Cir. 2001) (remanding for agency to consider probative evidence of country conditions confirming widespread torture of Tamil males).

**PETITION FOR REVIEW GRANTED; REMANDED.**