10-5149-ag
Chonjor v. Holder

BIA
Weisel, IJ
A089 262 849

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of January, two thousand fourteen.

PRESENT:
>        JOHN M. WALKER, JR.,
>        ROSEMARY S. POOLER,
>        PETER W. HALL,
>             *Circuit Judges.*

_____

KARMA CHONJOR,
>        *Petitioner,*

>        v.                                          10-5149-ag
>                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Jin Hu, New York, NY.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Francis W. Fraser, Senior
                         Litigation Counsel; Marion E.
                         Guyton, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED in part and DENIED in part.

Petitioner Karma Chonjor, a native and citizen of China from the Tibet Autonomous Region, seeks review of a November 17, 2010, order of the BIA, affirming a December 10, 2008, decision of Immigration Judge ("IJ") Robert D. Weisel, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Karma Chonjor*, No. A089 262 849 (B.I.A. Nov. 17, 2010), *aff'g* No. A089 262 849 (Immig. Ct. N.Y. City Dec. 10, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotation marks omitted). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

## I.  Nepal

Upon consideration of the BIA's and IJ's decisions, we conclude that we are unable to review the agency's determination that Chonjor failed to establish past persecution in Nepal because the agency did not clearly state its justification for this finding.  *See Beskovic v. Gonzales*, 467 F.3d 223, 227 (2d Cir. 2006) (requiring a certain minimal level of analysis from agency decisions denying asylum to enable meaningful judicial review).  With respect to the 1986 burning of Chonjor's home by Nepalese locals, it is unclear whether the IJ's rejection of Chonjor's claim is predicated on a lack of nexus or the insufficiency of the harm.  Although the BIA appears to have interpreted the IJ's decision as relating to whether the harm Chonjor suffered rose to the level of persecution, the government contends that the IJ rejected Chonjor's claim on nexus grounds.  Because we cannot confidently ascertain the agency's justification for rejecting Chonjor's claim of past persecution in Nepal, we remand to the agency for a clearer statement of its past persecution finding.  *See Beskovic,* 467 F.3d at 227; *see also Eneh v. Holder*, 601 F.3d 943, 947 (9th Cir. 2010).

## II. China

Notwithstanding Chonjor's argument to the contrary, the agency did not err in finding that he failed to establish a well-founded fear of persecution in China based on his activities in the United States. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) ("Put simply, to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities."); *see also Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005). While Chonjor asserts that the agency ignored this potential ground for relief, the IJ explicitly noted the absence of any evidence indicating that authorities in China were aware of his activities in the United States. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (noting that the agency is presumed to have "taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").

Although Chonjor takes issue with the BIA's finding that the record evidence did not reflect a pattern or

4

practice of persecution against Tibetans in China, the task of resolving conflicts in the record evidence lies "largely within the discretion of the agency." *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 171 (2d Cir. 2008); *see also Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007) ("support for a contrary inference – even one more plausible or more natural – does not suggest error"). Where, as here, the agency's inference "is tethered to the evidentiary record, we will accord deference to the finding." *Siewe*, 480 F.3d at 169. Accordingly, because the evidence indicates that the repression of Tibetans varied in different regions of China, the agency reasonably determined that Chonjor failed to establish a pattern or practice of persecution of Tibetans in China, and, thus, the agency did not err by requiring Chonjor to show that he would be singled out for persecution. *See* 8 C.F.R. § 1208.16(b)(2); *Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007).

Lastly, Chonjor's contention that remand is warranted because the BIA has failed to provide sufficient guidance concerning the application of its pattern or practice standard is misplaced. In *Mufied v. Mukasey*, we remanded a Christian Indonesian alien's proceedings to the agency for failure to consider his pattern or practice claim and

"encourage[d] the BIA to elaborate upon the 'systemic, pervasive, or organized' standard it has applied to analyzing such claims." 508 F.3d at 89. However, where, as in this case, "the BIA explicitly discussed the pattern or practice claim and the record includes substantial documentary evidence regarding the conditions in petitioner's homeland, we are able to reach the conclusion that the agency's decision was not erroneous." *Santoso v. Holder*, 580 F.3d 110, 111 n.1 (2d Cir. 2009).

For the foregoing reasons, the petition for review is GRANTED in part with respect to Chonjor's claim of past persecution in Nepal and DENIED in all other respects.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6