**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS MARTIN MATIAS, a.k.a. Luis Madias,<br><br>  Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>  Respondent. | No. 10-71258<br><br>Agency No. A089-859-304<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2014[**]

Before:     PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

Luis Martin Matias, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Cordoba v. Holder*, 726 F.3d 1106, 1113 (9th Cir. 2013), and de novo questions of law, including due process claims in immigration proceedings, *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009). We deny in part and grant in part the petition for review, and we remand.

We reject Matias's contention that the IJ violated due process by failing to grant a continuance to give Matias an opportunity to contact his family. We do not address his contentions related to equal protection. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

Substantial evidence does not support the BIA's conclusion that Matias failed to establish past persecution when he was forced to flee Guatemala as a seven year old child in 1982, *see Mendoza-Pablo v. Holder*, 667 F.3d 1308, 1314-15 (forced flight from home in the face of an immediate threat of severe physical violence or death, persecution of family, and serious deprivations suffered by a child rose to the level of persecution), and when he was beaten and burned in 1998, *see Chand v. INS*, 222 F.3d 1066, 1073-74 (9th Cir. 2000) ("Physical harm has consistently been treated as persecution.").

The BIA further found that even if Matias had suffered harm that rose to the level of persecution, he did not establish the harm was on account of his race or political opinion. With regard to the 1982 events, substantial evidence does not support this finding because the record shows the Guatemalan government targeted Matias's indigenous Mam Maya community on account of race and imputed political opinion. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *Sinha v. Holder*, 564. F.3d 1015, 1022-23 (9th Cir. 2009) (concluding "in light of all the evidence" that substantial evidence did not support the agency's nexus determination). Accordingly, Matias benefits from the presumption of a well-founded fear of future persecution based on the 1982 events. *See* 8 C.F.R. § 1208.13(b)(1). With regard to the harm Matias suffered in 1998, when he returned to Guatemala in search of his parents and to reclaim his family's land, the BIA did not consider Matias's particular social group claim. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("the BIA [is] not free to ignore arguments raised by a petitioner"). Further, it appears the BIA applied an incorrect legal standard regarding nexus. *See Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent '*one* central reason' for an asylum applicant's persecution") (emphasis added).

Finally, in denying Matias's CAT claim, it is not clear if the BIA considered potentially dispositive evidence regarding the ex-mayor's current connection to the Guatemalan government. *See Eneh v. Holder*, 601 F.3d 943 (9th Cir. 2010) (agency erred by failing to analyze relevant testimonial and documentary evidence); *Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 (9th Cir. 2010) (agency erred by failing to consider country conditions evidence); *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) (BIA must provide a reasoned explanation for its actions).

Accordingly, we grant the petition as to Matias's asylum (including humanitarian asylum), withholding of removal, and CAT claims, and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

In light of our conclusions, we do not reach Matias's remaining contentions. Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part, REMANDED.**