**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MERI NASERE RAVOUVOU,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | No. 09-71513<br><br>Agency No. A078-674-067<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 16, 2010[**]
Seattle, Washington

Before: RYMER and N.R. SMITH, Circuit Judges, and HART, District Judge.[***]

Meri Nasere Ravouvou, a native and citizen of Fiji, timely petitions for

review of a final order of the Board of Immigration Appeals ("BIA"). Her requests

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed R. App. P. 34(a)(2).

[***] The Honorable William T. Hart, District Judge for the Northern District of Illinois, sitting by designation.

for asylum, the withholding of removal, and protection under the Convention

Against Torture ("CAT") were denied. The factual findings of the agency are

reviewed for substantial evidence, and those findings must be upheld "unless the

record compels a contrary result." *Eneh v. Holder*, 601 F.3d 943, 946 (9th Cir.

2010). Because the BIA's decision is supported by substantial evidence, we deny

the petition.

To show eligibility for asylum, petitioner bears the burden of establishing

either past persecution or that she both subjectively fears future persecution and

there is an objectively reasonable possibility of future persecution. 8 C.F.R.

§ 1208.13(a)-(b); *Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009); *Li v.

Holder*, 559 F.3d 1096, 1102 (9th Cir. 2009). Petitioner does not contend that she

can establish past persecution and respondent does not question that petitioner has

established a subjective fear. The issue as to asylum is whether petitioner has

satisfied the objective requirement.

To establish a well-founded fear of prosecution, petitioner must establish

either (a) "a pattern or practice of persecution of people similarly situated" or

(b) show that she is a member of a "disfavored group" and that she is likely to be

targeted. *Halim*, 590 F.3d at 977. Under either approach, proof of mistreatment of

a group to which petitioner belongs must be shown and the latter approach requires

2

some proof of individual risk. *Id.* at 977-78. The record here does not compel the conclusion that (a) Ravouvou's mother's cousin suffered treatment that reached the level of persecution, *cf. Ndom v. Ashcroft*, 384 F.3d 743, 752 (9th Cir. 2004), nor that any of her relatives were mistreated because of being related to the cousin; that (b) supporters of the Fiji Labour Party and/or Fijian Association Party have been persecuted by the current regime; or that (c) employees of the police department are persecuted by the current regime. Likewise, substantial evidence supports the finding that petitioner failed to demonstrate the pattern or practice of discrimination that she claims. Accordingly, her asylum claim fails..

Since petitioner cannot establish eligibility for asylum, her withholding of removal claim must also fail. *Barrios v. Holder*, 581 F.3d 849, 854 (9th Cir. 2009).

Petitioner's CAT claim also fails. The record does not compel the conclusion that it is "more likely than not" that Ravouvou would be tortured if returned to Fiji. *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010).[1]

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) and the tolling of the

---

[1]There is not merit to Ravouvou's claim that the immigration judge failed to analyze sufficiently her unique and particular circumstances.

3

voluntary departure period shall continue in effect until issuance of the mandate.

*Garcia v. Ashcroft*, 368 F.3d 1157, 1159 (9th Cir. 2004); *Desta v. Ashcroft*, 365 F.3d 741, 750 (9th Cir. 2004).

**DENIED.**