**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EZEQUIEZ MEJIA-ALVAREZ,
AKA Ezequiel Mejia-Alvarez,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-71629

Agency No. A095-771-948

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 12, 2011[**]
Pasadena, California

Before: McKEOWN, W. FLETCHER, and CLIFTON, Circuit Judges.

Ezequiez Mejia-Alvarez ("Mejia"), a native and citizen of Mexico, petitions

for review of a decision of the Board of Immigration Appeals denying his motion

to reopen. The denial of a motion to reopen is reviewed for abuse of discretion.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*I.N.S. v. Rios-Pineda*, 471 U.S. 444, 449 (1985). We conclude that the Board did not abuse its discretion in denying the motion to reopen, and we deny the petition.

The BIA may deny a motion to reopen for failure to establish a prima facie case for relief. *I.N.S. v. Abudu*, 485 U.S. 94, 104 (1988). We review the agency's factual findings for substantial evidence. *See Singh-Kaur v. I.N.S.*, 183 F. 3d 1147, 1149-50 (9th Cir. 1999). Substantial evidence supports the BIA's conclusion that Mejia has not suffered and is not expected to suffer mistreatment that rises to the level of persecution. *See Lim v. I.N.S.*, 224 F.3d 929, 936 (9th Cir. 2000). The Mexican officials' statements that Mejia lacked proper identification documents and was ineligible to receive social security and medical benefits did not rise to the level of persecution nor establish a well-founded fear of future persecution. *See Ghaly v. I.N.S.*, 58 F.3d 1425, 1431 (9th Cir. 1995) (persecution is an "extreme concept"). Therefore, the BIA did not abuse its discretion in determining that Mejia did not demonstrate prima facie eligibility for asylum or withholding. *See Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1171 (9th Cir. 2006). Similarly, the BIA did not err in concluding that Mejia had failed to demonstrate that he would likely be tortured in Mexico, and that he therefore did not establish eligibility for relief under the Convention Against Torture. *See Villegas v. Mukasey*, 523 F.3d

2

984, 988-89 (9th Cir. 2008) (torture refers to the intentional infliction of severe pain or suffering); *Eneh v. Holder*, 601 F. 3d 943, 948 (9th Cir. 2010).

**PETITION DENIED**.