**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL AGONAFER,<br><br>                 Petitioner,<br><br>    v.<br><br> ERIC H. HOLDER, Jr., Attorney General,<br><br>                 Respondent. | No. 07-74939<br><br>Agency No. A091-681-612<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2012[**]
San Francisco, California

Before: McKEOWN, CLIFTON, and BYBEE, Circuit Judges.

Daniel Agonafer appeals the order of the Board of Immigration Appeals

denying Agonafer's request for a waiver of inadmissibility under former § 212(c)

of the Immigration and Nationality Act, determining that Agonafer is ineligible for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal because he was convicted of a particularly serious crime, and denying relief under the Convention Against Torture. We dismiss the petition for lack of jurisdiction as to the § 212(c) determination, and deny the petition as to the withholding of removal and CAT claims.

The BIA committed no legal error in denying Agonafer's § 212(c) waiver application. The plain language of the BIA's decision indicates that, in denying § 212(c) relief, the BIA properly considered all of the relevant factors and equities, as well as all of the evidence (including the new evidence submitted to reopen the proceedings). The BIA did not deny the waiver based on any one factor alone. *Matter of Marin*, 16 I. & N. Dec. 581, 584 (BIA 1978). Having determined that the BIA made no legal error, we lack jurisdiction to review the BIA's discretionary denial of a § 212(c) waiver. *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 923 (9th Cir. 2007). Accordingly, we dismiss the petition for lack of jurisdiction as to the denial of § 212(c) relief.

Regarding withholding of removal, the BIA expressly stated that it considered all of the evidence in concluding that the equities did not alter the nature and seriousness of Agonafer's conviction for lewd acts involving a minor. The BIA provided a reasoned explanation by incorporating its analysis of the particularly serious crime determination from its 2006 order into its 2007 order.

2

*Delgado v. Holder*, 648 F.3d 1095, 1107–08 (9th Cir. 2011) (en banc). Further, the BIA appropriately looked to the gravity of the underlying act. *In re Frentescu*, 18 I. & N. Dec. 244, 247 (BIA 1982). Thus, it was not an abuse of discretion to determine that Agonafer's conviction under Cal. Penal Code § 288(c) was a particularly serious crime, regardless of which version of the underlying facts actually led to conviction.

Finally, the evidence in the record does not compel the conclusion that Agonafer will more likely than not be tortured in Ethiopia. Although there is a potential for imprisonment as a result of homosexual activity, there is no evidence in the record of any violence directed against homosexuals in Ethiopia, either inside or outside of the prison system. *Cf. Bromfield v. Mukasey*, 543 F.3d 1071, 1076, 1079 (9th Cir. 2008). Agonafer presented evidence illustrating instances of the mistreatment of political prisoners, but none of the evidence established the required connection between prisoner mistreatment and homosexuals. *See Eneh v. Holder*, 601 F.3d 943, 948 (9th Cir. 2010); *Villegas v. Mukasey*, 523 F.3d 984, 989 (9th Cir. 2008). Accordingly, the denial of relief under CAT is supported by substantial evidence in the record.

**PETITION DISMISSED FOR LACK OF JURISDICTION IN PART, DENIED IN PART**.

3