**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AHMED ZAKY HUSSEIN BARAKAT, | No. 10-72496 |
| Petitioner, | |
| v. | Agency No. A077-305-078 |
| ERIC H. HOLDER, Jr., | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before:      GOODWIN, WALLACE, and FISHER, Circuit Judges.

Ahmed Zaky Hussein Barakat, a native and citizen of Egypt, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings and review de novo legal questions, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

In concluding that Barakat failed to show he was targeted on account of a political opinion, the BIA found that Barakat was targeted because of personal vendetta not because "he opposed or exposed any *government* corruption." (emphasis in the original). The record does not compel a contrary result. *See Hasan v. Ashcroft*, 380 F.3d 1114, 1120 (9th Cir. 2004) ("'[T]he salient question' in determining whether the act of whistleblowing is political is whether it was 'directed toward a governing institution, or only against individuals whose corruption was aberrational.'"); *see also INS v. Elias-Zacarias*, 502 U.S 478, 481 (1992) (to reverse agency decision the evidence must compel a different conclusion). Accordingly, Barakat's asylum claim fails.

Because Barakat has not established eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence also supports the BIA's finding that Barakat has not demonstrated he was tortured in Egypt or that it is more likely than not he will be tortured if he returns to Egypt. *See Mamouzian v. Ashcroft*, 390 F.3d 1129,

1139 (9th Cir. 2004); *see also Eneh v. Holder*, 601 F.3d 943, 948 (9th Cir. 2010) (without intention to torture, even "inadequate access to medicine" in "deplorable prison conditions" is insufficient to establish eligibility for CAT relief). Therefore, Barakat's CAT claim also fails.

**PETITION FOR REVIEW DENIED.**