**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERTO CANDIDO-CARCAMO, | No. 10-72733 |
| Petitioner, | Agency No. A029-558-690 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 9, 2013[**]
Pasadena, California

Before: PAEZ and HURWITZ, Circuit Judges, and ERICKSON, Chief District Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Ralph R. Erickson, Chief District Judge for the U.S. District Court for the District of North Dakota, sitting by designation.

Roberto Candido-Carcamo, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from the Immigration Judge's ("IJ") denial of his application for deferral of removal under the Convention Against Torture ("CAT").

Although Candido-Carcamo presented evidence that he would likely face arrest or detention by the government of El Salvador due to his status as a deportee and former gang member, such harms do not rise to the level of torture. *Villegas v. Mukasey*, 523 F.3d 984, 988-89 (9th Cir. 2008). The IJ and BIA properly considered the testimony of Candido-Carcamo's two expert witnesses and the related documentary evidence, and concluded that Candido-Carcamo had not met his burden to show that it was more likely than not that he would be tortured by the government of El Salvador. Substantial evidence supports this conclusion.

The IJ's reliance on Candido-Carcamo's treatment by gangs in the United States as an indicator of his likely treatment in El Salvador gives us some pause, but we agree with the BIA that, in light of the totality of the record evidence, a reasonable fact finder would not be compelled to conclude that it is more likely than not that petitioner would be tortured by gangs if returned to El Salvador. We therefore agree with the BIA that a determination of government acquiescence is unnecessary. *See Eneh v. Holder*, 601 F.3d 943, 949 (9th Cir. 2010).

**DENIED.**