**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCIA BARBARA CAMPBELL, | No. 09-72309 |
| Petitioner, | Agency No. A039-745-976 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 7, 2013**
San Francisco, California

Before: THOMAS, GILMAN***, and RAWLINSON, Circuit Judges.

Marcia Campbell petitions for review of the Board of Immigration Appeals'

("BIA") opinion affirming the Immigration Judge's ("IJ") opinion denying her

deferral of removal under the Convention Against Torture ("CAT"). We have

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Ronald Lee Gilman, Senior Circuit Judge for the U.S.
Court of Appeals for the Sixth Circuit, sitting by designation.

jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition for review. Because the parties are familiar with the history of the case, we need not recount it here.

## I

Contrary to Campbell's assertion, the BIA did not ignore her argument that she would be targeted by law enforcement in Jamaica because of her status as a criminal deportee from the United States. The BIA adopted the IJ's decision and reasoning when it agreed with the IJ's conclusion that Campbell failed to meet her burden under CAT. *Eneh v. Holder*, 601 F.3d 943, 947 (9th Cir. 2010) (reasoning that the BIA's statement that it agrees with the IJ's conclusion "would seem to indicate that the BIA primarily adopted the IJ's more extensive analysis").

The BIA's general agreement with the conclusion of the IJ and its usage of much of the IJ's reasoning constitutes an adoption of the IJ's more extensive analysis of Campbell's criminal deportee argument. Therefore, remand is not required.

## II

Substantial evidence supports the BIA's conclusion that Campbell did not satisfy her burden of proof under CAT. The CAT requires a petitioner to "establish that it is more likely than not that he or she would be tortured if removed

2

to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2); *see also id.* § 1208.18(a)(1) (defining torture under CAT). In addition, a CAT petitioner must show "that someone—either a government official or private actor—specifically intended to torture him or her." *Eneh*, 601 F.3d at 948.

Campbell did not establish that it was more likely than not that she would return to prison if removed to Jamaica, and substantial evidence supports the BIA's conclusion that she has not shown that the Jamaican government or its agents are more likely than not to act with specific intent to torture her if she were imprisoned. As the BIA points out, Campbell was not tortured when she last served time in a Jamaican prison. In addition, the 2006 U.S. State Department human rights assessment of Jamaica reports that, while prison abuse still occurs, the Jamaican government continues to work to improve conditions and stop physical and mental abuse. Bureau of Democracy, Human Rights, and Labor, U.S. Dep't of State, *Jamaica Country Reports on Human Rights Practices* (2006). The report undercuts Campbell's theory that the Jamaican government has a specific intent to torture prisoners. *See Villegas v. Mukasey*, 523 F.3d 984, 989 (9th Cir. 2008) (considering and rejecting a similar theory concerning poor prison conditions for mental patients in Mexico when government was trying to improve conditions). Finally, the BIA did not err in concluding that Campbell's string of

3

speculative inferences—namely, that once she returned to Jamaica she would begin abusing drugs, which would lead her into prostitution, which would lead to her incarceration, which would lead to torture at the hands of Jamaican prison guards—failed to satisfy the more-likely-than-not CAT standard.

Because substantial evidence supports the BIA's conclusion that Campbell did not satisfy her burden of proof, we deny the petition for review.

**PETITION DENIED.**