**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 17 2015



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAJIV BATRA,

　　　　　　　Petitioner,

　　v.

ERIC H. HOLDER, Jr., Attorney General,

　　　　　　　Respondent.

No. 12-73517

Agency No. A089-669-042

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2015[**]

Before:　　FARRIS, WARDLAW, and PAEZ, Circuit Judges.

　　Rajiv Batra, a native and citizen of India, petitions for review of the Board of

Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We grant the petition for review and we remand.

The agency denied asylum and withholding of removal because it found Batra failed to establish that an imputed political opinion or other protected ground was or would be at least one central reason for harm he suffered or fears. Substantial evidence, however, does not support the agency's nexus determination because the evidence compels the conclusion that at least one central reason for the physical abuse to which Batra was subjected by Indian police was an imputed political opinion. *See Singh v. Holder*, 764 F.3d 1153, 1159-62 (9th Cir. 2014); *see also Hu v. Holder*, 652 F.3d 1011, 1018-20 (9th Cir. 2011) (record compelled the conclusion that petitioner established one central reason for persecution was a protected ground).

Finally, in denying Batra's CAT claim, the agency did not consider that Batra was detained for five days and severely beaten by police after relocating from Punjab to Delhi. *See Eneh v. Holder*, 601 F.3d 943, 948-49 (9th Cir. 2010) (agency erred by failing to analyze potentially dispositive evidence).

Thus, we grant the petition as to Batra's asylum, withholding of removal, and CAT claims, and remand for further proceedings consistent with this

12-73517

disposition.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**