NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 01 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| M.M.E., | No. 15-72005 |
| Petitioner, | Agency No. A205-297-891 |
| v. | MEMORANDUM[*] |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 6, 2017
Seattle, Washington

Before: KOZINSKI and W. FLETCHER, Circuit Judges, and BLOCK,[**] District Judge.

1.  Petitioner testified that a co-defendant placed an order directing cartel members to kill petitioner after learning he had cooperated with the authorities.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The Honorable Frederic Block, Senior District Judge for the Eastern District of New York, sitting by designation.

When co-defendants suspected another co-defendant was cooperating, they ordered cartel members to kill him, and this order reached cartel members in Mexico.

In addition to his testimony, petitioner also presented documentary evidence that the cartel, as one of the largest in Mexico, exerts tremendous power over public officials in Mexico, particularly local officials. This documentary evidence, together with petitioner's testimony, compels the conclusion that "it is more likely than not that [Petitioner] will be tortured if removed to [Mexico]," *Eneh v. Holder*, 601 F.3d 943, 946 (9th Cir. 2010), with the consent or acquiescence of a public official, *see Madrigal v. Holder*, 716 F.3d 499, 510 (9th Cir. 2013) ("Voluminous evidence in the record explains that corruption of public officials in Mexico remains a problem, particularly at the state and local levels of government, with police officers and prison guards frequently working directly on behalf of drug cartels.").

2. The agency did not consider petitioner's ability to relocate within Mexico to avoid being tortured. *See Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) ("In deciding whether the applicant has satisfied his or her burden, the IJ must consider all relevant evidence, including but not limited to the possibility of relocation within the country of removal."). We therefore remand for further proceedings to address that issue.

PETITION GRANTED.