NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUEL SORIANO BALLESTEROS, | No. 21-70498 |
| Petitioner, | Agency No. A088-662-701 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 14, 2024
Honolulu, Hawai'i

Before: CALLAHAN, HURWITZ, and H.A. THOMAS, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge CALLAHAN.

Ruel Ballesteros, a native and citizen of the Philippines, petitions for review

of a decision of the Board of Immigration Appeals ("BIA") dismissing an appeal

from an order of an Immigration Judge ("IJ") denying his claims for asylum,

withholding of removal, and protection under the Convention Against Torture

("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a). We deny the petition in

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

part and grant it in part.

1. The agency's determination that Ballesteros did not suffer past persecution is supported by substantial evidence. Ballesteros does not contend that the record compels a finding of past persecution and never argued in his brief to the BIA that the IJ's past persecution finding was flawed. Nor did the agency ignore any "highly probative or potentially dispositive evidence." *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 894 (9th Cir. 2018).

2. In the absence of past persecution, an applicant for asylum must establish a well-founded fear of future persecution on account of a protected ground. *See* 8 C.F.R. § 1208.13(b)(1). Such an applicant is required to demonstrate that "it would not be reasonable for him or her to relocate" in his native country to avoid the feared persecution. 8 C.F.R. § 1208.13(b)(3)(i). The agency's finding that Ballesteros did not satisfy this burden, is supported by substantial evidence. "We need not address [Ballesteros's] additional arguments about a well-founded fear of future persecution because the internal relocation issue is dispositive." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 n.2 (9th Cir. 2019).

3. In denying CAT protection, the BIA simply recited the governing legal standard, stating:

> there is no clear error in the [IJ's] determination that the respondent has not shown that it is more likely than not that he will be tortured by or at the instigation of or with the consent or acquiescence (including the concept of willful blindness) of a public official or other person acting

2

in an official capacity.

*See* 8 C.F.R. §§ 1208.16(c), 1208.18(a). We have repeatedly stated that remand is required when the "BIA failed to 'state with sufficient particularity and clarity the reasons for' [its] decision and so does not 'provide an adequate basis for this court to conduct its review.'" *See Madrigal v. Holder*, 716 F.3d 499, 509 (9th Cir. 2013) (quoting *Castillo v. I.N.S.*, 951 F.2d 1117, 1121 (9th Cir. 1991); *see also e.g.*, *Pirir-Boc v. Holder*, 750 F.3d 1077, 1085–86 (9th Cir. 2014). The BIA's decision in this case suffers from this deficiency; it provides an inadequate basis for us to conduct even the required deferential review. It may well be that substantial evidence in the record supports the denial of CAT protection, but it is for the agency, not this court, to identify that evidence.

The government argues that we should nonetheless deny the petition for review because Ballesteros's "CAT claim suffers from the same deficiencies as his persecution claim, the lack of a government actor." But, the fact that the feared torturers are private actors does not bar CAT relief. *See Eneh v. Holder*, 601 F.3d 943, 948 (9th Cir. 2010). And, "[t]he regulations governing CAT deferral, unlike the asylum regulation, do not call for any burden shifting" in analyzing possible relocation when an alleged torturer is a nongovernmental actor. *See Maldonado v. Lynch*, 786 F.3d 1155, 1163 (9th Cir. 2015) (en banc); *see also id.* at 1164 (in CAT analysis, "no one factor is determinative").

We therefore grant the petition for review insofar as it concerns the denial of CAT protection and remand to the BIA to provide an explanation for any decision beyond a bare citation to the governing regulation.

**PETITION DENIED** in part and **GRANTED** in part. The stay of removal remains in effect.



***Ruel Ballesteros v. Merrick B. Garland***, **No. 21-70498**

CALLAHAN, Circuit Judge, concurring and dissenting.

I concur in the denial of the petition and dissent from remanding the matter to the BIA. While we have been critical of the BIA's use of boiler plate language, our standard remains whether the BIA's decision "provide[s] an adequate basis for this court to conduct its review." *Madrigal v. Holder*, 716 F.3d 499, 509 (9th Cir. 2013) (quoting *Castillo v. I.N.S.*, 951 F.2d 1117, 1121 (9th Cir. 1991)). We require "a reasoned explanation by the BIA of the basis for its decision." *Pirir-Boc v. Holder*, 750 F.3d 1077, 1086 (9th Cir. 2014) (quoting *Franco-Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir. 2006)). In *Pirir-Boc* we further explained that the BIA did not need to "discuss each piece of evidence submitted," and that our focus is on whether the BIA considered all the evidence before it. *Id.* More recently in *Park v. Garland*, 72 F.4th 965, 979 (9th Cir. 2023), we reiterated "[o]nly where there is some indication that the BIA overlooked relevant evidence . . . do we question whether it properly considered the record."

Here, the record reveals that the BIA considered all the evidence presented by Mr. Ballesteros. Indeed, the majority admits that "[i]t may well be that substantial evidence in the record supports the denial of CAT Protection." Mr. Ballesteros told the Immigration Judge that he provided testimony which resulted in the conviction of several individuals involved in a trafficking ring. Also, the

Immigration Judge found that the private actors who Mr. Ballesteros alleges have affiliations with the government of the Philippines have not communicated with Mr. Ballesteros since 2011. Thus, accepting that "the fact that the feared torturers are private actors does not bar CAT relief," and that CAT deferral does not call for burden shifting, there still is no indication that the BIA did not consider all the evidence before it.

Because the administrative record shows that the BIA considered all the evidence before it and provides a reasonable explanation for its decision, I would deny the petition for review in toto.