NOT FOR PUBLICATION

**FILED**

JUL 30 2024

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

OLIVER ROSAS ROSAS

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-916

Agency No.
A088-980-977

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 16, 2024
Pasadena, California

Before: WARDLAW, PAEZ, and SANCHEZ, Circuit Judges.

Oliver Rosas Rosas ("Rosas"), a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his application for protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Where, as here, "the BIA conducts its own review of the evidence and the law, [the court]

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

reviews only the BIA's decision, except to the extent it expressly adopts the IJ's decision." *Cole v. Holder*, 659 F.3d 762, 769–70 (9th Cir. 2011) (citing *Eneh v. Holder*, 601 F.3d 943, 946 (9th Cir. 2010)). We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *See Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022). We grant the petition for the reasons below.

Rosas bases his application for CAT protection on his fear that he will be killed or tortured by a cartel or law enforcement if removed to Mexico. He contends that because he is a former gang member with noticeable, gang-related tattoos, a cartel will forcefully target and recruit him and torture or kill him if he refuses to join them.

"To receive CAT protection, a petitioner must prove that it is 'more likely than not' that he or she would be tortured if removed." *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) (citations omitted). In evaluating the probability of torture under CAT, "all evidence relevant to the possibility of future torture shall be considered." *Cole*, 659 F.3d at 770 (quoting 8 C.F.R. § 1208.16(c)(3)). Although the agency is not required to "discuss each piece of evidence submitted," where "highly probative" or "potentially dispositive" "evidence is submitted, the BIA must give reasoned consideration to that evidence." *Id.* at 771–72. Failure to do so amounts to legal error. *Id.*; *see also Antonio v. Garland*, 58 F.4th 1067, 1077

(9th Cir. 2023) ("[W]here there is any indication that the agency did not consider all of the evidence before it ... the decision cannot stand." (cleaned up)).

Here, we conclude that the agency committed legal error because it failed to give reasoned consideration to highly probative evidence about Rosas's risk of torture by cartels. For example, the BIA's decision concludes that Rosas does not face a particularized risk of torture but never mentions the expert declaration from a prominent reporter on cartel networks and government corruption, which described how Rosas matches the age and profile of young men targeted by cartels. Similarly, the agency found that Rosas has not specifically identified any similarly situated gang members who have been tortured upon removal to Mexico, but failed to acknowledge the evidence he submitted about two different Mexican citizens who were tortured upon deportation—including one who was a former gang member and had an identical tattoo on his hand.

Ultimately, the BIA's analysis suggests it did not adequately review the evidentiary record. In light of these omissions, we cannot conclude that the BIA "consider[ed] all of the evidence before it." *Cole*, 659 F.3d at 771–72. We therefore **GRANT** the petition, **VACATE** the BIA's decision, and **REMAND** for further proceedings consistent with this disposition. Having granted the petition on the merits, we **DENY** the pending motions for stay as moot.

**PETITION GRANTED. VACATED and REMANDED.**

3