NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CATARINA SANTIAGO MONTEJO; KEVIN TOMAS SANTIAGO, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-1562 <br><br> Agency Nos. <br> A206-802-285 <br> A206-802-284 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 5, 2024[**]
Pasadena, California

Before: WARDLAW, HURWITZ, and DESAI, Circuit Judges.

Catarina Santiago Montejo ("Santiago") and her minor son, natives and

citizens of Guatemala, petition for review of a Board of Immigration Appeals

("BIA") decision dismissing their appeals from an order by an immigration judge

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1]

Our review is limited to the BIA's opinion except to the extent that it adopts the IJ's decision. *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021). We review "the BIA's legal conclusions de novo and its factual findings for substantial evidence." *Id.* (cleaned up). A finding of fact must be upheld "unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petitions for review in part, grant them in part, and remand for further proceedings.

1. An applicant seeking asylum or withholding of removal must establish a nexus between the persecution feared and a protected ground, including "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (asylum); 8 U.S.C. § 1231(b)(3) (withholding of removal). The protected ground must be "one central reason," *Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) (asylum), or "a reason," *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (withholding), for the feared persecution.

Santiago testified that she had two encounters with a group of "robbers" who

---

[1] Santiago's son is a derivative beneficiary of her asylum application and filed his own application for relief. The son makes no arguments different than his mother's.

"attack people and they kill people and they take—they drag, kidnap women."[2] At the end of 2013, three months after her son was born, she was followed and "attacked" by two or three of the group as she walked to the store, until a security guard intervened. She does not know "what they wanted to do, but they wanted something." In 2014, masked men broke into Santiago's home. They left after neighbors heard her screaming but warned that she would not be safe the next time.

The IJ found that Santiago failed to establish nexus between her race or proposed race- and family-based particular social groups and her fear of future persecution because "what [Santiago] had experienced in Guatemala relates to general criminal violence," citing her testimony that she did not know why cartel members attacked people in her community. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1022 (9th Cir. 2023) (finding no nexus to a protected ground where petitioner feared "general violence and criminal activity in Guatemala"). The record does not compel a contrary conclusion.

2.    "[R]elief under the Convention Against Torture requires a two part analysis—first, is it more likely than not that the alien will be tortured upon return to [her] homeland; and second, is there sufficient state action involved in that torture." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (cleaned

---

[2]    Santiago variously referred to the group as "robbers," "kidnappers," cartel members, and gang members.

up).  The agency must consider "all evidence relevant to the possibility of future torture." *Akosung v. Barr*, 970 F.3d 1095, 1104 (9th Cir. 2020) (cleaned up). "[W]here there is some indication that the BIA overlooked relevant evidence, including by misstating the record or failing to mention highly probative or potentially dispositive evidence," we may "question whether it properly considered the record."  *Park v. Garland*, 72 F.4th 965, 979 (9th Cir. 2023) (cleaned up).

In affirming the IJ's denial of CAT relief, the BIA failed to consider significant testimony and country conditions evidence that Santiago is likely to experience torture if she is returned to Guatemala.  Neither the BIA nor the IJ "acknowledge[d], let alone analyze[d]" Santiago's credible and highly probative testimony, *see Eneh v. Holder*, 601 F.3d 943, 948 (9th Cir. 2010), that neighbors identified the men who broke into her home as members of the same group of "robbers" who had already seriously harmed eleven of her relatives.  In 2006, Santiago's cousin and her two-year-old daughter were kidnapped; the daughter remains missing.  Another cousin was raped three years before Santiago left, and her aunt was kidnapped, raped, and blinded several years earlier.  In 2010, Santiago's uncle was abducted and shot in the leg.  Another uncle was abducted and beaten when unable to pay money to his kidnappers.  In 2012, one of her brothers was beaten and kicked because he could not pay the money that the cartel demanded.  Another one of her brothers was stabbed because he could not pay the money that

the cartel members demanded. In February 2014, two male cousins were abducted and beaten by cartel or gang members because they did not have money to give them. And, in June 2014, her uncle was stabbed, beaten, and threatened by cartel or gang members demanding money. That the BIA failed to mention even one of these incidents makes us "question whether it properly considered the record." *Park*, 72 F.4th at 979.

Moreover, neither the BIA nor the IJ addressed country conditions evidence that corroborates Santiago's testimony. Specifically, Santiago submitted evidence describing (1) widespread extortion and kidnapping committed by gang and narco-traffickers and the risk of homicide and violence to those and families of those who do not comply with gang demands; and (2) the particular vulnerabilities of women, children, and indigenous people to this violence.

The agency likewise did not address probative evidence in the record with respect to government acquiescence. Santiago stated credibly in her asylum application that she "made a police report and one of the police officer [sic] said they would not do anything because I was Indigenous and they left." The country conditions reports describe police involvement in extortion, kidnapping, human trafficking, and organized crime; and impunity for violence against women and indigenous populations. Santiago also described mob violence in a neighboring town, which occurred the month before she left, in which "[p]olicemen were there

watching, but they did not do anything to stop the killings." The country conditions reports describe an increase in vigilante violence in rural and indigenous areas, in which police do not interfere.

Given the agency's failure to address this evidence, the BIA's "catchall" statement that it considered "the entirety of the record" falls short of the agency's obligation to give "reasoned consideration" to petitioners' claims for CAT relief. *See Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011). We therefore grant the petitions for review as to the denial of CAT protection and remand for further consideration of those applications.

**PETITIONS DENIED IN PART AND GRANTED IN PART; REMANDED. The parties shall bear their own costs**.