NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 4 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMERICA RUIZ PINEDA, | No.   25-2363 |
| Petitioner, | |
| v. | Agency No. A209–838–310 |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 2, 2026 [**]
San Francisco, California

Before:  S.R. THOMAS and GOULD, Circuit Judges, and MORRIS, Chief District Judge. [***]

America Ruiz Pineda, a native and citizen of El Salvador, petitions for

review of a decision of the Board of Immigration Appeals ("BIA") dismissing Ruiz

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]        The Honorable Brian Morris, United States Chief District Judge for the District of Montana, sitting by designation.

1

Pineda's appeal of an order by an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The parties are familiar with the relevant underlying facts and procedural history, so we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

We apply a highly deferential "substantial evidence" standard to the agency's findings of fact. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). The agency's findings of fact are considered "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). When "'the BIA issues its own decision but relies in part on the immigration judge's reasoning, we review both decisions.'" *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 702 (9th Cir. 2022) (quoting *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012)).

1. To establish eligibility for asylum and withholding of removal, Ruiz Pineda must show a nexus between past or feared future persecution and a statutorily protected ground of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B)(i), 1231(b)(3)(A); *Zetino v. Holder*, 622 F.3d 1007, 1015 (9th Cir. 2010). The nexus requirement for eligibility of asylum requires Ruiz Pineda to establish that her protected ground was or would be "one central reason" for the

harm. *Barajas-Romero v. Lynch*, 846 F.3d 351, 358-60 (9th Cir. 2017). The nexus requirement for eligibility of withholding of removal requires Ruiz Pineda to establish that her protected ground was or would be at least "a reason" for the harm. *Id*.

Substantial evidence supports the BIA's conclusion that Ruiz Pineda failed to establish a nexus between any past or future harm and her proposed particular social group. The record does not compel the conclusion that Ruiz Pineda was targeted "on account of" her proposed particular social group of "individuals who have taken concrete steps to resist gang activities" or that her social group was "a reason" for the harm she experienced. Ruiz Pineda testified that she was threatened by gang members at her home and place of business and that the gang members' threats always concerned the collection of money. Ruiz Pineda testified that she was also threatened by gang members at her mother's home in San Salvador because they saw that she had come from a rival gang's territory. Asylum and withholding of removal are "not available to those who have simply had the misfortune of becoming a victim of criminal misconduct abroad, motivated by the sorts of things (money, generally) that motivate criminals." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1024 (9th Cir. 2023).

The record demonstrates that gang members targeted Ruiz Pineda for ordinary criminal motives such as financial gain and maintaining territorial control.

3

Ruiz Pineda did not meet her burden to establish eligibility either for asylum or withholding of removal because Ruiz Pineda's proposed particular social group was not a reason, *Barajas-Romero*, 846 F.3d at 360, let alone "one central reason" for her persecution. *Khudaverdyan v. Holder*, 778 F.3d 1101, 1106 (9th Cir. 2015) (quoting 8 U.S.C. § 1158(b)(1)(B)(i)).

2. An issue may be forfeited when a petitioner only addresses an issue "in a single sentence, and without coherently develop[ing] the argument." *Hernandez v. Garland*, 47 F. 4th 908, 916 (9th Cir. 2022). Ruiz Pineda forfeited her asylum and withholding of removal claims based on her political opinion and membership in the proposed social group defined as "members of the Ruiz Pineda family." Ruiz Pineda's opening brief failed to make any asylum claim on the basis of a political opinion. Ruiz Pineda's opening brief merely mentioned that she was a member of the Ruiz Pineda family. Ruiz Pineda failed to develop an argument on how she has established a nexus between the gang members' threats and her being a "member of the Ruiz Pineda family."

3. "To prevail on a claim under CAT, a petitioner must prove that it is more likely than not that he or she will be tortured if removed to the designated country." *Eneh v. Holder*, 601 F.3d 943, 946 (9th Cir. 2010) (citing 8 C.F.R. § 208.16(c)(2)). To establish a likelihood of torture, Ruiz Pineda must show a

4

"particularized risk of torture" that is "higher than that faced by all [El Salvadoran] citizens." *Ruiz-Colmenares v. Garland*, 25 F. 4th at 751.

Substantial evidence supports the BIA's denial of CAT protection. The IJ properly considered the country conditions of El Salvador in denying Ruiz Pineda's application for protection under CAT. The IJ acknowledged that gang violence "remain[ed] a serious and widespread problem in El Salvador." The IJ properly determined that this country condition evidence did not demonstrate that Ruiz Pineda faced a particularized risk greater than others who live in El Salvador. Generalized country conditions alone do not establish a particularized risk of torture. *Tzompantzi-Salazar*, 32 F.4th at 706-07; *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). The record also does not compel the conclusion that it is more likely than not that Ruiz Pineda will be subjected to torture if returned to El Salvador. The IJ and BIA properly determined that Ruiz Pineda failed to establish a likelihood of torture upon return to El Salvador given the substantial lapse of time and lack of threats since Ruiz Pineda's departure in 2016.

**PETITION DENIED.**

The motion for a stay of removal (Dkt. No. 2) is **DENIED**. The temporary stay of removal is lifted.

5