**NOT FOR PUBLICATION**

MAY 24 2018

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BERTHA SONIA AGRAZ-MEDINA, AKA Bertha Agraz-Medina, AKA Bertha Sonia Medina, | No. 15-73584 |
| Petitioner, | Agency No. A201-236-599 |
| v. | MEMORANDUM* |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2018**
San Francisco, California

Before: WALLACE and N.R. SMITH, Circuit Judges, and BATTS,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concluded that this case was suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Deborah A. Batts, United States District Judge for the Southern District of New York, sitting by designation.

Bertha Sonia Agraz-Medina, native and citizen of Mexico, petitions for review of the dismissal by the Board of Immigration Appeals ("BIA") of her appeal of an immigration judge's ("IJ") decision denying her motion to terminate removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

1.     The BIA did not err in affirming the IJ's denial of Agraz-Medina's application to terminate removal proceedings. Agraz-Medina argues that the IJ's oral decision did not contain sufficient reasons for denying her motion to terminate removal proceedings. However, the BIA rejected this argument, holding that the IJ's final decision properly incorporated the earlier interim decision, which addressed the motion (despite the interim decision's typographical error on the date). Agraz-Medina did not challenge the BIA's decision now properly before us. *See Eneh v. Holder*, 601 F.3d 943, 946 (9th Cir. 2010) ("Where the BIA conducts its own review of the evidence and the law, this panel only reviews the BIA's decision, except to the extent it expressly adopts the IJ's decision."). Thus, the issue is waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

2.     The BIA did not err in concluding that the Department of Homeland Security ("DHS") established by clear and convincing evidence that Agraz-Medina

2

was removable as an alien, when she remained in the United States longer than authorized. Agraz-Medina was issued a Notice To Appear in March 2011; her removal hearings began in September 2011. DHS had to establish by clear and convincing evidence that Agraz-Medina stayed in the United States longer than authorized as of September 2011.

Agraz-Medina admitted to entering the United States on March 29, 2005. There is no evidence that she ever reentered or received an extension of stay.[1] Given any of the possible ways that Agraz-Medina could have lawfully entered the United States, the record is clear that she exceeded the allowed period of admission. (1) If Agraz-Medina entered as a B2 nonimmigrant visitor with a border crossing card (as evidenced by the stamp in her passport), she was legally allowed to remain in the United States for thirty days (that is, until April 30, 2005). *See* 8 C.F.R. §§ 212.1(c)(1)(i), 235.1(h)(1)(iii)(A). (2) Agraz-Medina's border crossing card (which allowed her admission for thirty days after every border crossing) expired in June 2011. Even assuming she entered just prior to June 2011,

---

[1] After DHS established that Agraz-Medina overstayed her authorized period of authorization, the burden shifted to Agraz-Medina to produce evidence of nondeportability. *Cf. Cabral-Avila v. INS*, 589 F.2d 957, 959 (9th Cir. 1978); *see also* 8 U.S.C. § 1361 ("In any removal proceeding under part IV of this subchapter against any person, the burden of proof shall be upon such person to show the time, place, and manner of his entry into the United States . . . .").

her thirty days would have expired at the latest on July 30, 2011, prior to her first appearance at the removal hearing. (3) In the alternative, if Agraz-Medina entered with a B2 nonimmigrant visitor visa, her period of admission would have expired one year after she was admitted (that is, on March 29, 2006). *See* 8 C.F.R. § 214.2(b)(1). Therefore, at the time of her initial removal hearing, she had exceeded the allowed period of admission. Thus, Agraz-Medina was "deportable as an overstay." *Samimi v. INS*, 714 F.2d 992, 994 (9th Cir. 1983).

**PETITION FOR REVIEW DENIED.**