**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOUER ABDALLAH FRAIHAT, AKA
Kamon Abdun Fryhaat,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.     18-71187

Agency No. A093-167-376

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 13, 2019
Pasadena, California

Before: FERNANDEZ, M. SMITH, and MILLER, Circuit Judges.

Fouer Abdallah Fraihat seeks review of a final order of the Board of

Immigration Appeals upholding the immigration judge's determinations that

(1) Fraihat committed aggravated felonies and particularly serious crimes, and

(2) Fraihat did not demonstrate that he was entitled to deferral of removal under

the Convention Against Torture. Because the agency ordered Fraihat's removal on

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

the ground that he committed an aggravated felony, our review is limited by 8 U.S.C. § 1252(a)(2)(C). We dismiss the petition in part for lack of jurisdiction, and otherwise deny the petition.

1.     Fraihat challenges the agency's determinations that his 2001 conviction under California Health & Safety Code § 11379.6(a) is an aggravated felony and a particularly serious crime.

Because we "do not have jurisdiction to review unexhausted claims," we dismiss Fraihat's challenge for lack of jurisdiction. *Rodriguez-Castellon v. Holder*, 733 F.3d 847, 852 (9th Cir. 2013). Fraihat's briefing to the Board did not address whether the section 11379.6(a) conviction is an aggravated felony. Moreover, he conceded that the section 11379.6(a) conviction "appears" to be a "per se particularly serious crime." The Board was "entitled to look to [Fraihat's] brief for an explication" of which issues he was challenging. *Alanniz v. Barr*, 924 F.3d 1061, 1069 (9th Cir. 2019). Because Fraihat did not challenge the immigration judge's finding, the Board correctly concluded that "on appeal, those issues [were] waived."

The Board's reference to *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), does not change our analysis. Generally, "when the BIA cites *Burbano* in its decision, all issues presented before the IJ are deemed to have been presented to the BIA." *Arreguin-Moreno v. Mukasey*, 511 F.3d 1229, 1232 (9th Cir. 2008). But

2

a *Burbano* citation does not always mean that the Board adopted and affirmed the immigration judge's decision in full. Instead, "the BIA can and should specifically state that it is . . . limiting its opinion" if it adopts and affirms only some parts of an immigration judge's decision. *Abebe v. Gonzalez*, 432 F.3d 1037, 1040–41 (9th Cir. 2005) (en banc). Because the Board specifically concluded that Fraihat waived his challenges to the section 11379.6(a) conviction and the Board did not otherwise address those arguments on the merits, Fraihat did not exhaust his claims.

We are similarly unconvinced that any intervening changes in law excuse Fraihat's failure to exhaust. We "do not require an alien to exhaust administrative remedies on legal issues based on events that occur *after* the briefing to the BIA has been completed." *Alcaraz v. INS*, 384 F.3d 1150, 1158 (9th Cir. 2004). This exception applies when the Board, "bound by our prior precedent[,] would be precluded from granting relief." *Alvarado v. Holder*, 759 F.3d 1121, 1129 (9th Cir. 2014). Fraihat identifies no binding authority that would satisfy the exception.

Fraihat also challenges the agency's determinations that his conviction under California Health & Safety Code § 11378 is an aggravated felony and a particularly serious crime. Fraihat did exhaust these challenges. But because Fraihat is removable and ineligible for asylum and withholding on the basis of his conviction under section 11379.6(a) alone, we need not address them.

2.      Despite the agency's determinations that Fraihat committed an

3

aggravated felony and particularly serious crime, Fraihat may still be eligible for deferral of removal under the Convention Against Torture. 8 C.F.R. § 208.17. The government concedes that pending the Supreme Court's resolution of *Nasrallah v. U.S. Attorney General*, 762 F. App'x 638, 640 (11th Cir. 2019), *cert. granted sub nom. Nasrallah v. Barr*, No. 18-1432, 2019 WL 5281287 (U.S. Oct. 18, 2019), we have jurisdiction to review Fraihat's deferral claim. *See Eneh v. Holder*, 601 F.3d 943, 946 (9th Cir. 2010). We deny Fraihat's petition for review of the Board's denial of deferral of removal.

The record does not compel the conclusion that it is "more likely than not that [Fraihat] would be tortured if removed" to Jordan. 8 C.F.R. § 208.16(c)(2). In particular, Fraihat does not show that he will be subject to torture "inflicted by or at the instigation of or with the consent or acquiescence" of the Jordanian government. *Eneh*, 601 F.3d at 947 (quoting 8 C.F.R. § 1208.18(a)(1)). Fraihat testified that he received an email "from ISIS" threatening to "burn him alive" if he returned to Jordan, and he testified in earlier proceedings that his cousins told him that "if he ever comes back [to Jordan] that he will be killed." Substantial evidence supports the agency's finding that, at most, this evidence shows a possibility of torture by private actors without the acquiescence or involvement of the Jordanian government. Fraihat also presents country conditions evidence showing that torture occurs in Jordanian prisons, but even if such evidence was properly before the

4

agency, substantial evidence supports the agency's alternative findings that Fraihat did not demonstrate a particularized likelihood that he will be imprisoned by the Jordanian government—much less face torture—if removed to Jordan.

**PETITION DISMISSED IN PART and DENIED IN PART**.