**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SILVIA ESTEBAN TOMAS-MIGUEL; MIGUEL ZACARIAS-TOMAS, <br><br> Petitioners, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 18-71545 <br><br> Agency Nos. A202-069-943 <br> A202-069-944 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 9, 2020[**]
Seattle, Washington

Before: FERNANDEZ and NGUYEN, Circuit Judges, and BOLTON,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

Silvia Esteban Tomas-Miguel and her son,[1] natives and citizens of Guatemala, petition for review of a decision of the Board of Immigration Appeals ("BIA") dismissing their appeal from the immigration judge's denial of asylum,[2] withholding of removal,[3] and relief under the Convention Against Torture ("CAT").[4] We deny the petition.

(1) Tomas asserts that the BIA erred when it determined that she had not shown that her persecution by her father had a nexus to any of the three particular social groups she proposed. *See* 8 U.S.C. §§ 1158(b)(1)(A), (B)(i), 1231(b)(3)(A), (C). We disagree.

Substantial evidence[5] supports the BIA's conclusion that the persecution had no nexus to the first group, "female members of the Esteban Tomas Jesus family." Tomas recounted that her father indiscriminately beat people, including male

---

[1]Because Tomas's son's application is derivative of hers, the analysis as to her petition also applies to his.

[2]8 U.S.C. § 1158(a)(1).

[3]8 U.S.C. § 1231(b)(3)(A).

[4]United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted* Dec. 10, 1984, S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85, implemented at 8 C.F.R. § 1208.18.

[5]*See INS v. Elias-Zacarias*, 502 U.S. 478, 481, 112 S. Ct. 812, 815, 117 L. Ed. 2d 38 (1992); *see also Mairena v. Barr*, 917 F.3d 1119, 1123 (9th Cir. 2019) (per curiam).

family members and non-family members, especially when he was drunk. He treated Tomas with the brutality that he also treated others who disagreed with or annoyed him. Thus, the record does not compel a finding that membership in this group was a reason, much less one central reason, for the alleged persecution. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 358–60 (9th Cir. 2017).

Substantial evidence also supports the BIA's conclusion that Tomas is not a member of the second group—"Guatemalan women unable to leave a domestic relationship with their father"—because she moved out of her father's house and was not harmed by him for the approximately five years before she left Guatemala and came to the United States.

Finally, substantial evidence supports the BIA's conclusion that the third group—"Guatemalan women who are viewed as property by virtue of their domestic relationship with their father"—is not cognizable because it lacks particularity and social distinction. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020); *Garay Reyes v. Lynch*, 842 F.3d 1125, 1135–36, 1139–40 (9th Cir. 2016). For example, while the expert and country-condition reports indicate that there are high rates of violence against women in Guatemala, the reports do not shed any light on whether society would recognize this group as distinct.

Because Tomas has not shown that she was persecuted with a nexus to any protected ground, we deny the petition for review based on her asylum and withholding of removal claims.

(2) The evidence in the record does not compel a determination that Tomas was or would be tortured "by or . . . with the . . . acquiescence of a public official." 8 C.F.R. § 1208.18(a)(1); *see also Eneh v. Holder*, 601 F.3d 943, 946–47 (9th Cir. 2010). Indeed, Tomas has not shown that public officials were aware of her father's actions. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). Thus, she is not entitled to CAT relief. *Id.*

Petition **DENIED**.