NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EUTIQUIO ACEVEDO-MENDEZ, Petitioner, v. ROBERT M. WILKINSON, Attorney General, Respondent. | No. 19-72940 Agency No. A095-696-699 MEMORANDUM[*] |

On Petition for Review From an Order of the
Board of Immigration Appeals

Submitted January 13, 2021[**]
Pasadena, California

Before: CALLAHAN and WATFORD, Circuit Judges, and RAKOFF,[***] District
Judge.

Eutiquio Acevedo-Mendez, a native and citizen of Mexico, petitions for

review of a Board of Immigration Appeals ("BIA") order that affirmed the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

Immigration Judge ("IJ") and denied Acevedo-Mendez's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") after determining Acevedo-Mendez had been convicted of a "particularly serious crime" and was unlikely to be tortured if removed to Mexico. This court has jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the BIA's determination that an offense constitutes a particularly serious crime. *Bare v. Barr*, 975 F.3d 952, 961 (9th Cir. 2020). We do not "reweigh evidence to determine if the crime was indeed particularly serious," but instead review "whether the BIA and IJ failed to consider the appropriate factors, or relied on improper evidence, in making the 'particularly serious crime' determination." *Anaya-Ortiz v. Holder*, 594 F.3d 673, 676 (9th Cir. 2010) (internal citations and quotation marks omitted).

Petitioner entered the United States on or about February 2, 2008, when he was 16 years old, after leaving Mexico because of mistreatment, lack of work, and poverty. As a child in the state of Guerrero, Acevedo-Mendez's schoolmates ridiculed and beat him because he spoke Nahuatl, an indigenous language. Acevedo-Mendez hid the source of his schoolyard injuries from his teachers, and school administrators did nothing to intervene. After leaving school at age 13, Acevedo-Mendez worked at a traveling fair for a boss who hit and shouted at him and the other indigenous boys who worked at the fair. Acevedo-Mendez's next employer referred to indigenous people as "worthless" and "idiots," and Acevedo-Mendez

2

claims he was paid less because of his indigenous background. In 2013, Acevedo-Mendez was the victim of a police shooting in Gardena, California and sustained severe injuries to his lower back. He received a monetary settlement from the Gardena Police Department but continues to suffer from post-traumatic stress. Since 2015, Acevedo-Mendez has been convicted of driving while under the influence of alcohol four times. Acevedo-Mendez admits that after his second conviction he did not pay attention during court-ordered classes on the dangers of drinking and driving, and went on to be convicted of two more DUIs. His most recent felony DUI conviction on September 26, 2018 resulted in a two-year jail sentence.

Acevedo-Mendez fears returning to Mexico because he believes he will be mistreated as a member of the Nahuatl indigenous group or targeted as a former United States resident perceived to have access to money. Acevedo-Mendez also fears that if he returns to Mexico, he may not have access to adequate treatment for his ongoing mental health issues. Finally, Acevedo-Mendez is concerned by the increase in kidnapping and narcotrafficking in Guerrero.

The BIA's conclusion that Acevedo-Mendez's felony DUI conviction was a "particularly serious crime" rendering him ineligible for asylum and withholding of removal was not an abuse of discretion, because the agency relied on the appropriate factors and proper evidence. When a petitioner has been convicted of a non-aggravated felony for which the sentence is less than five years, the BIA may

3

properly consider "(1) 'the nature of the conviction,' (2) 'the type of sentence imposed,' and (3) 'the circumstances and underlying facts of the conviction'" in determining whether the crime is particularly serious. *See Bare*, 975 F.3d at 961 (quoting *In re N-A-M-*, 24 I. & N. Dec. 336, 342 (B.I.A. 2007), *overruled in part on other grounds by Blandino-Medina v. Holder*, 712 F.3d 1338, 1347–48 (9th Cir. 2013)). First, the BIA reasoned that driving while under the influence "is an extremely dangerous crime by its nature" and that the crime's "recidivist nature . . . reflects that the respondent has a propensity to reoffend." Second, the BIA considered that Acevedo-Mendez received a "substantial" two-year prison sentence. Third, the BIA considered the underlying facts and circumstances of the crime, including Acevedo-Mendez's post-traumatic stress disorder, and determined that "the inherent dangerousness of his offense is not mitigated by his past experience." Because the BIA "noted the applicable standard" and analyzed the offense "with sufficient reference" to the correct factors, the BIA did not abuse its discretion. *See Anaya-Ortiz*, 594 F.3d at 679 (upholding a BIA determination that a felony drunk driving conviction was a particularly serious crime).

Substantial evidence supports the BIA's finding that Acevedo-Mendez failed to establish that he "is more likely than not to be tortured" if removed to Mexico. 8 C.F.R. § 1208.16(c)(4). Acevedo-Mendez's accounts of school bullying and abuse by previous employers, while troubling, do not amount to torture. *See, e.g., Halim v.*

4

*Holder*, 590 F.3d 971, 975–76 (9th Cir. 2009) (distinguishing schoolyard bullying, nongovernmental discrimination and violence, and mistreatment because of perceived wealth from torture under CAT). Under CAT, torture requires the intentional infliction of suffering "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Acevedo-Mendez does not claim that he was persecuted by Mexican officials, nor does he claim he alerted Mexican police or other authorities about his mistreatment. Acevedo-Mendez's fear of inadequate mental health treatment in Mexico is not grounds for protection under CAT. *Eneh v. Holder*, 601 F.3d 943, 948 (9th Cir. 2010) (finding that petitioner was "not entitled to CAT relief solely on the basis that he would have inadequate access to medicine . . . if removed" to his home country). Finally, Acevedo-Mendez's fear of narcotrafficking, kidnapping, and police corruption in Mexico is not particular to him and is therefore insufficient to establish eligibility for CAT protection. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

**PETITION DENIED.**