**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDRES ANTONIO AVINA CRUZ, | No.  16-73798 |
| Petitioner, | Agency No. A206-150-594 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 9, 2022[**]
San Francisco, California

Before:  RAWLINSON, BADE, and BRESS, Circuit Judges.

Petitioner Andres Antonio Avina Cruz (Avina Cruz), a native and citizen of

Mexico, petitions for review of a decision from the Board of Immigration Appeals

(BIA) dismissing his appeal from the denial of his applications for withholding of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal and protection under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252 and we **DENY** the petition for review.

"We review the denial of . . . withholding of removal and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citations omitted). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* (citation omitted). Because the BIA conducted its own review of the evidence and law, our review is limited to the BIA's decision, except to the extent the decision of the Immigration Judge (IJ) is expressly adopted. *See Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020), *as amended*.

**1.** Avina Cruz asserted membership in two particular social groups: (1) family group of landowners; and (2) individuals returning to Mexico who are perceived as wealthy. For both proposed social groups, the BIA agreed with the IJ that Avina Cruz did not establish a nexus to his withholding of removal claim. *See id.* The BIA also determined that the proffered group of individuals returning to Mexico who are perceived as wealthy was not a cognizable social group.

**2.** Avina Cruz did not address the BIA's holding that his second proffered group was not cognizable, and he has thus waived this argument. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259-60 (9th Cir. 1996). In any event,

we have expressly held that a proposed group of "imputed wealthy Americans" is not a cognizable group. *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (citation omitted).

**3.** Substantial evidence supports the conclusion that Avina Cruz did not establish a nexus to his proffered family group of landowners, because there is no record evidence that the robbery he described in his testimony in 1999 was connected in any way to Petitioner's family or to the fact that his family owns land. *See Zetino v. Holder*, 622 F.3d 1007, 1015-16 (9th Cir. 2010), *as amended* (concluding that the petitioner did not demonstrate the required nexus because he "did not present evidence that the bandits targeted his family on account of a protected ground"). An individual's desire to be free from theft is not sufficient to support a nexus to a protected ground. *See id.* at 1016.

**4.** Any argument that the agency applied an incorrect standard in deciding the claim for withholding of removal is foreclosed. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017) (drawing no distinction between the proof required for asylum relief and withholding of removal when "there was no nexus at all").

**5.** Avina Cruz's Opening Brief did not address the denial of CAT relief. Avina Cruz has thus waived any argument regarding this claim. *See*

3

*Martinez-Serrano*, 94 F.3d at 1259-60. In any event, the record does not reflect a likelihood of torture if Avina Cruz is returned to Mexico. *See Eneh v. Holder*, 601 F.3d 943, 948 (9th Cir. 2010) (explaining that "a petitioner must show for purposes of CAT relief that someone—either a government official or private actor—specifically intended to torture him or her") (citation omitted).[1]

**PETITION DENIED.**

---

[1]We reject Avina Cruz's argument, made for the first time in a letter filed pursuant to Federal Rule of Appellate Procedure 28(j), that the immigration court lacked jurisdiction based on claimed deficiencies in the notice to appear. *See United States v. Bastide-Hernandez*, 39 F.4th 1187 (9th Cir. 2022) (holding that the failure of a notice to appear to include time and date information for a hearing does not deprive the immigration court of subject matter jurisdiction).