NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LORENA OREGON VALDEZ; YESSICA JAQUELIN TORRES OREGON; CONCEPCION TORRES OREGON,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-1730

Agency Nos.
A213-086-908
A213-086-909
A213-086-910

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2024**
Pasadena, California

Before: PAEZ, NGUYEN, and HURWITZ, Circuit Judges.

Lorena Oregon Valdez and her minor daughters, Jaquelin Torres Oregon and

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Concepcion Torres Oregon, natives of Mexico, petition for review of a decision by the Board of Immigration Appeals ("BIA") dismissing an appeal from an order of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

Our review is limited to the BIA's decision except to the extent that it expressly adopts the IJ's opinion. *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021). We review factual findings for substantial evidence and questions of law de novo. *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). We have jurisdiction under 8 U.S.C. § 1252(a). We deny the petition for review in part, grant it in part, and remand for further proceedings.

**1.** Substantial evidence supports the BIA's determination that, even assuming she testified credibly, Oregon Valdez failed to establish the requisite nexus between her harm and her proposed family-based particular social group. The BIA found no clear error in the IJ's finding that cartel members kidnapped her husband because they suspected he was selling drugs without their permission, extorted her for economic gain, and threatened her to prevent her from disclosing the kidnapping and extortion. Because the record does not "compel a different conclusion," we deny the petition as to the asylum and withholding of removal claims. *Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011).

**2.** The agency's denial of Oregon Valdez's CAT claim was not supported

by "reasoned consideration" of probative evidence. *Cole v. Holder*, 659 F.3d 762, 771-72 (9th Cir. 2011). In evaluating a CAT claim, the agency must consider "all evidence relevant to the possibility of future torture." *Akosung v. Barr*, 970 F.3d 1095, 1105 (9th Cir. 2020).

The BIA tersely stated that Oregon Valdez did not "meaningfully argue that the Immigration Judge erred or overlooked evidence showing [she and her children] have a future likelihood of torture" and that there was "no clear error in the factual findings underlying the Immigration Judge's determination that the respondents are ineligible for CAT protection."

To the contrary, the IJ failed to "acknowledge, let alone analyze," Oregon Valdez's testimony that the kidnappers had threatened to kill her and her daughters during the kidnapping, threatened to kill her husband if she did not pay a ransom, and again threatened to kill her when her husband was released after having been badly beaten. *Eneh v. Holder*, 601 F.3d 943, 947 (9th Cir. 2010).

Moreover, neither the IJ nor the BIA addressed evidence relevant to government acquiescence and internal relocation in analyzing Oregon Valdez's CAT claim. The IJ found that Oregon Valdez "failed to present and support that those who seek to harm her and her children are connected with the Mexican government or that the Mexican [sic] would not attempt to protect the respondent, or that the respondent might not be able to relocate to a different place in Mexico

3

and be out of harm's way." This misstates the record. Oregon Valdez testified that her husband heard cartel members speaking to police on the radio during his kidnapping and that residents of the town believe that the cartel has control over the police. She also provided country conditions reports and articles documenting the cartel's ability to "operate with impunity in Mexico." Likewise, she presented evidence of the cartel's widespread and growing presence in Mexico that would make relocation difficult.

"[W]here there is any indication that the BIA did not consider all of the evidence before it, a catchall phrase does not suffice, and the decision cannot stand. Such indications include misstating the record and failing to mention highly probative or potentially dispositive evidence." *Cole*, 659 F.3d at 771-72. Accordingly, we grant the petition on this issue and remand to the agency to reconsider Oregon Valdez's CAT eligibility and clarify any basis for denial.

**3.** We find no error in the BIA's conclusion that the IJ's denial of Oregon Valdez's motion to consolidate this case with her husband's did not violate her due process rights. Oregon Valdez argues that the IJ's adverse credibility determination was based in part on her decision not to call her husband as a witness. But, because the BIA did not rely on the IJ's adverse credibility determination in denying her petitions, denial of this motion did not cause Oregon

4

Valdez any prejudice.[1]  *See Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011).

**PETITION DENIED IN PART; GRANTED IN PART; REMANDED.**

The parties shall bear their own costs on appeal.

---

[1]     We recently granted a petition for review of a BIA decision upholding denial of CAT protection for Oregon Valdez's husband and remanded for further proceedings.  *See Torres Martinez v. Garland*, No. 22-735, 2024 WL 885134 (9th Cir. Mar. 1, 2024).  Our decision today should not preclude Oregon Valdez from renewing her motion to consolidate on remand.