**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 27 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE LUIS MARTINEZ ESTRADA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

Nos. 23-909, 24-172

Agency No. A205-261-313

MEMORANDUM[*]

On Petitions for Review of Orders of the
Board of Immigration Appeals

Argued and Submitted September 18, 2025
Phoenix, Arizona

Before: COLLINS, MENDOZA, and DESAI, Circuit Judges.

In these consolidated petitions, Jose Luis Martinez Estrada, a citizen of
Mexico, petitions for review of (1) a decision of the Board of Immigration Appeals
("BIA") upholding an order of an immigration judge ("IJ") denying his application
for cancellation of removal; and (2) the BIA's decisions denying his requests for
remand and reopening for further consideration of that application. We have
jurisdiction under § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252.
We grant the petition in part, deny it in part, and remand to the BIA for further
proceedings.

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

1. The BIA upheld the IJ's initial conclusion, on the then-existing record, that Martinez Estrada had failed to show that his removal would result in "exceptional and extremely unusual hardship" to one or more of his four U.S.-citizen children or his permanent-resident father and that he therefore was ineligible for cancellation of removal. 8 U.S.C. § 1229b(b)(1)(D). Substantial evidence supports this decision. *See Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1005 (9th Cir. 2025) (holding that we review for "substantial evidence" whether, on the facts as found by the agency, an applicant has established exceptional and extremely unusual hardship).

Noting that Martinez Estrada had stated that his children would remain with their mother in the U.S., the agency reasonably concluded that, despite their mother's lack of lawful status in the U.S, the hardships that the children would face after Martinez Estrada's removal would not be "exceptional and extremely unusual." As the IJ noted, the children were "doing fine both in terms of their schoolwork and their health," and Martinez Estrada had other family nearby in the U.S., including a U.S.-citizen brother. The agency also reasonably determined that Martinez Estrada's father would not suffer exceptional hardship either, because the evidence before the IJ showed that the father was not receiving any "special therapy" or "any particular medication" for his prostate condition and that Martinez Estrada was not providing any "special care" to his father. The BIA

2

therefore properly upheld the IJ's decision to deny cancellation of removal based on the then-existing record.

2. In his appeal of the IJ's decision, Martinez Estrada also moved for a remand of the case to the IJ for consideration of new evidence concerning his father's medical situation. The BIA summarized this new evidence and then rejected the request for a remand on the following grounds:

> This evidence is not sufficient to meet the respondent's burden of showing that reopening for further consideration of the respondent's cancellation application is warranted. *See Matter of Coelho*, 20 I&N Dec. 464, 471-73 (BIA 1992) (indicating that a noncitizen seeking reopening for further consideration of an application for relief bears a "heavy burden" and must present evidence of such a nature that the Board is satisfied that if proceedings are reopened, the new evidence would likely change the result in the case).

The BIA's unadorned statement that reopening is not "warranted" is ambiguous, because it does not state whether the BIA's denial was based on a failure by Martinez Estrada to make a sufficient threshold showing of eligibility for cancellation of removal or whether it was instead based on a discretionary determination that, even if eligible, Martinez Estrada did not merit such relief. "The BIA can deny a motion to reopen on any one of at least three independent grounds—failure to establish a prima facie case for the relief sought, failure to introduce previously unavailable, material evidence, and a determination that even if these requirements were satisfied, the movant would not be entitled to the

3

discretionary grant of relief which he sought." *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1180 (9th Cir. 2023) (simplified). Moreover, as we squarely held in *Fonseca-Fonseca*, different legal standards apply depending upon which ground the BIA has invoked in denying reopening. *See id*. at 1183. Where the BIA concludes that the applicant has failed to establish a prima facie case of threshold eligibility for cancellation, the controlling standard the BIA must apply is whether there is a "*reasonable likelihood* that the statutory requirements for relief have been satisfied." *Id*. at 1179 (emphasis added) (citation omitted). By contrast, where the BIA relies on the ultimate "discretionary ground," the standard to be applied by the BIA is whether the applicant has "establish[ed] that it is at least more probable than not that the new evidence *would change the outcome* of the claim."[1] *Id*. at 1183 (emphasis added). And which ground the BIA invoked affects our review as well: we review the denial of a motion to reopen for abuse of discretion, *id*. at 1180, unless "the BIA rules that the petitioner failed to establish that the new evidence would likely change the BIA's determination that the petitioner does not warrant a favorable exercise of discretion," in which case we

---

[1] The BIA's citation of *Matter of Coelho* does not resolve the ambiguity here, because, on the cited pages, *Matter of Coelho* discusses both the "prima facie" ground for denying reopening and the "discretionary" ground. 20 I. & N. Dec. at 471–73. Moreover, as we noted in *Fonseca-Fonseca*, *Coelho* did not have occasion to address whether the "'would likely change' standard" applies to a denial of reopening based on the "prima facie ground," 76 F.4th at 1181–82, which leaves us all the more uncertain what standard the BIA thought it was applying to what question.

4

have no jurisdiction "over the BIA's purely discretionary judgment," absent legal or constitutional error. *Lemus-Escobar v. Bondi*, 140 F.4th 1079, 1100 (9th Cir. 2025).

The ambiguity in the BIA's analysis "makes us unable to review the decision below in an adequate manner," requiring us to "vacate the BIA's denial" of Martinez Estrada's motion and to "remand for a clearer explanation of its decision." *Eneh v. Holder*, 601 F.3d 943, 947–48 (9th Cir. 2010). We reject the Government's argument that, because the result assertedly would be the same under any standard, we should declare any error on this score to be harmless. The Government does not contest that, if the BIA applied the "'would likely change' standard" to the "prima facie ground," that would be error under *Fonseca-Fonseca*, but it says that any such error does not matter because "it is clear that the Board's findings would not have changed had it applied the 'reasonable likelihood' standard." But an agency's conclusion that the applicant failed to satisfy a *more* demanding "would likely change" standard does not subsume within it a conclusion about how the agency would have applied a *less* demanding "reasonable likelihood" standard, and we lack the authority to decide in the first instance how that lesser standard would apply to the facts of this case. *See SEC v. Chenery Corp.*, 318 U.S. 89, 93–95 (1943). Accordingly, it matters what standards the BIA applied to what issue, and because we cannot tell from the BIA's decision

what ground it invoked, we must vacate and remand the BIA's denial of Martinez Estrada's initial motion to remand.

3. Martinez Estrada filed a further motion to reopen, which was based upon a different set of new factual contentions. Specifically, Martinez Estrada asserted (1) that new medical records established that one of his daughters had "recently been diagnosed with generalized anxiety disorder"; and (2) that he had an application pending before U.S. Citizenship and Immigration Services seeking "military parole in place" based on his oldest daughter having joined the military. Given that the limited medical evidence submitted with the motion stated that the younger daughter's condition could be addressed through counseling, substantial evidence supports the BIA's conclusion that these new facts did not establish that there was a "reasonable likelihood" that Martinez Estrada could show the requisite exceptional and extremely unusual hardship. As to Martinez Estrada's parole-in-place application, the BIA did not abuse its discretion in concluding that he had not made a sufficient showing of eligibility for such relief to warrant reopening. Martinez Estrada's further motion to reopen was therefore properly denied.

**PETITION GRANTED IN PART, DENIED IN PART, AND REMANDED.**[2]

---

[2] Martinez Estrada's motion to refer to mediation (Dkt. No. 62) is denied as moot. Martinez Estrada's motion for a stay of removal pending disposition of this matter in this court (Dkt. No. 2) is granted.